■ GEORGE STURTEVANT, Respondent, v HOME TOWN BAKERY, INC., et al., Defendants, and HOBART CORPORATION, Appellant. [597 NYS2d 176] —Mikoll, J. Appeal from an order of the Supreme Court (Travers, J.), entered May 11, 1992 in Rensselaer County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

Plaintiff's proof reveals that on the morning of February 20, 1991, he purchased a cup of coffee and a glazed doughnut at a Stewart's Shop owned by defendant Stewart's Ice Cream Company, Inc. Plaintiff sat down at a booth to eat the doughnut and when he bit into it his teeth came into contact with a hard metal object or objects, causing one tooth to break. Plaintiff removed the metal from his mouth, discarded the remainder of the doughnut and turned the metal into the manager of the shop. He also gave information for an incident report. Subsequently, plaintiff was treated by his dentist for his injured tooth. Plaintiff submitted the affidavit of a witness, Jerry Robinson, who was also seated in the booth. Robinson stated that he saw plaintiff purchase the doughnut, heard a loud noise and observed plaintiff remove portions of the uneaten doughnut and a piece of metal from his mouth. Robinson said that he was present with plaintiff and did not observe him place any other food or any other objects into his mouth. A letter report from the dentist stated that clinical examination revealed a severe fracture involving the buccal cusp of tooth No. 4, which plaintiff stated was sustained "while eating a doughnut which had a piece of metal in it". A

Stewart's accident report indicated that the doughnut was supplied by, and the metal turned over to, defendant Home Town Bakery, Inc.

Supreme Court granted plaintiff's motion for partial summary judgment on the issue of liability, ruling that an affidavit by the attorney for defendant Hobart Corporation, submitted in opposition to plaintiff's motion, was without any probative value because the attorney had no personal knowledge of the facts. The affidavit of Hobart's attorney was insufficient to raise a question of fact requiring a trial (see, Zuckerman v City of New York, 49 NY2d 557; Percia v Zdanowicz, 116 AD2d 558). Hobart did not come forward with admissible evidence controverting the prima facie case made by plaintiff's submissions. The operative facts were not solely within the knowledge of the proponent as the proof demonstrates. Hobart's claim that it was never given the opportunity to adequately examine the facts surrounding the occurrence is not supported by the record. The affidavit of Hobart's attorney does not indicate what, if any, steps Hobart took to take pretrial depositions of plaintiff or any witnesses, nor does it detail the reason why it had no opportunity to take depositions (see, CPLR 3212 [f]). Accordingly, the order of Supreme Court is affirmed.

Weiss, P. J., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.