■ MARY A. LOITTA et al., Respondents, v REAL SEAL CONSTRUCTION, INC., Appellant. [610 NYS2d 406] —Crew III, J. Appeal from an order of the Supreme Court (Spain, J.), entered January 8, 1993 in Rensselaer County, which denied defen-

---

dant's motion for summary judgment dismissing the complaint.

In August and September 1988, plaintiffs entered into two written contracts with defendant regarding certain foundation repairs to plaintiff Mary Ann Loitta's residence in Rensselaer County. Repairs thereafter commenced but in November 1988, Loitta was advised by a local code enforcement official that the residence had sustained significant structural damage, and a subsequent investigation conducted on behalf of defendant's liability carrier revealed that the damage to Loitta's home was caused by defendant's work on the premises. Loitta executed a sworn statement in proof of loss, together with a release and subrogation agreement, and collected the proceeds available under the terms of her homeowner's insurance policy issued by New York Central Mutual Fire Insurance Company (hereinafter Mutual).

The release and subrogation agreement provided, in relevant part, that: "In consideration of and to the extent of said payment [Loitta] hereby subrogates [Mutual] to all of the rights, claims and interest which [Loitta] may have against any party * * * liable for the [subrogated] loss * * * and authorizes [Mutual] to sue, compromise, or settle in [Loitta's] name or otherwise all such claims and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims in [Loitta's name] with the same force and effect as if [Loitta] executed or endorsed them." Mutual, as Loitta's subrogee, then entered into a settlement agreement whereby defendant indemnified Mutual as to the subrogated loss and Mutual released defendant from, *inter alia*, "all claims or causes of action arising from a loss to [Loitta's] house * * * from construction work being done on that house by [defendant]".

Plaintiffs thereafter commenced this action alleging, *inter alia*, breach of contract, and defendant answered asserting, *inter alia*, the affirmative defense of accord and satisfaction. Defendant's subsequent motion for summary judgment dismissing the complaint was denied, and this appeal by defendant followed.

We affirm. It is well settled that " '[r]eleases are contracts whose interpretation is governed by principles of contract law. Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed' " (*Stone v National Bank & Trust Co.*, 188 AD2d 865, 867, quoting *Metz v Metz*, 175 AD2d 938, 939; *see, L & K*

*Holding Corp. v Tropical Aquarium,* 192 AD2d 643, 645), without resort to extrinsic evidence *(see, Wells v Shearson Lehman/Am. Express,* 72 NY2d 11, 19). Here, however, we are of the view that the phrase "to the extent of said payment" creates an ambiguity in the release and subrogation agreement and is sufficient to raise a question of fact as to whether Loitta intended to subrogate to Mutual, and, in turn, whether Mutual could properly release defendant from any portion of Loitta's claim in excess of the $36,400 set forth in the release and subrogation agreement. Simply stated, the inclusion of this phrase precludes us from finding, as a matter of law, that the release and subrogation agreement executed by Loitta contains a clear and unambiguous expression of her intention to renounce a claim or discharge an obligation in excess of $36,400 *(see, State of New York v Upstate Stor.,* 145 AD2d 714, 715) and, as such, defendant's motion for summary judgment was properly denied.

Cardona, P. J., Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, with costs.