◾ MURRAY-GARDNER MANAGEMENT, INC., Respondent-Appellant, v IROQUOIS GAS TRANSMISSION SYSTEM, L.P., Appellant-Respondent. [646 NYS2d 418] —White, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered

October 5, 1995 in St. Lawrence County, which partially granted defendant's motion for summary judgment dismissing the complaint.

On June 26, 1991, the parties entered into a letter agreement that was subsequently memorialized in an easement grant whereby plaintiff, owner of a 1,055-acre tract of land in the Town of Edwards, St. Lawrence County, granted defendant a permanent 50-foot-wide right-of-way and easement crossing 7,900 feet of its lands which allowed defendant to construct a natural gas pipeline. In exchange, defendant agreed to pay plaintiff $60,000—$7,200 for the permanent easement, $2,300 for temporary workspace on either side of the right-of-way and $50,500 for advance damages "for timber and in conjunction with right-of-way construction activity". Defendant also agreed, *inter alia*, to install or provide five hardened crossings across the right-of-way, cut and stack merchantable timber along the right-of-way for plaintiff's use and to restore the access road it used during the construction of the pipeline. On June 28, 1991, plaintiff executed a release acknowledging receipt of $50,500 "for all damages * * * caused by the construction of the pipeline system" and releasing defendant from all claims arising "on or before the date hereof". In August 1991, defendant paid plaintiff $22,000 for additional temporary workspace and, in conjunction therewith, plaintiff executed a release. A third release was executed by plaintiff on December 17, 1991 acknowledging receipt of $4,000 for all damages to the access road.

Predicated upon allegations that defendant failed to, *inter alia*, install the five hardened crossings, failed to cut and stack merchantable timber and to restore the access road, plaintiff commenced this action asserting causes of action for negligence and breach of contract seeking compensatory, as well as punitive, damages.

Prior to the completion of discovery, defendant moved for summary judgment dismissing the complaint primarily on the ground that plaintiff's causes of action were barred by the releases. Supreme Court granted partial summary judgment dismissing all causes of action except the ones for breach of contract. Defendant appeals from the denial of its motion as to the breach of contract causes of action while plaintiff cross-appeals from the dismissal of its negligence cause of action and request for punitive damages.

We first focus on the issue of whether the releases barred plaintiff's breach of contract causes of action. It is well settled that releases are contracts that, unless their language is

ambiguous, must be interpreted to give effect to the intent of the parties as indicated by the language employed (*see, Loitta v Real Seal Constr.*, 203 AD2d 786, 787; *Stone v National Bank & Trust Co.*, 188 AD2d 865, 867). Another applicable principle is that releases bar suits on causes of action arising on or prior to the date of their execution but will not bar subsequent claims unless they are specifically embraced within the release or fall within the fair import of its terms (*see, Matter of O'Hara*, 85 AD2d 669, 671; 19 NY Jur 2d, Compromise, Accord, and Release, § 85, at 439).

In this instance, while the June 1991 and August 1991 releases evince an intention to discharge defendant from liability with respect to certain anticipated damages arising from the construction of the pipeline, they do not evince an intention to encompass the distinct contractual obligations defendant undertook upon which plaintiff's breach of contract causes of action are premised. Moreover, defendant's election to rely on its attorney's affidavit in support of its motion was fatal to its claim that plaintiff's causes of action are factually meritless since an attorney's affidavit made without personal knowledge lacks probative value (*see, Sturtevant v Home Town Bakery*, 192 AD2d 904, 905). We further note that the pretrial deposition testimony of defendant's right-of-way agent merely created a credibility issue which is not resolvable on a summary judgment motion (*see, Roundpoint v V.N.A., Inc.*, 207 AD2d 123, 126). Lastly, although the December 17, 1991 release evinces an intention to foreclose claims relating to the access road that arose on or before that date, plaintiff may pursue those claims it alleges arose in 1992. Accordingly, for these reasons, we find that Supreme Court's denial of defendant's motion insofar as it related to plaintiff's breach of contract causes of action was proper.

Turning to the cross appeal, we concur with Supreme Court's dismissal of plaintiff's negligence cause of action in light of its failure to establish a violation of a legal duty independent of the contract (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 390; *Teller v Bill Hayes, Ltd.*, 213 AD2d 141, 144, *lv dismissed, lv denied* 87 NY2d 937). Likewise, plaintiff's request for punitive damages was properly dismissed in the absence of a showing by plaintiff that defendant engaged in egregious tortious conduct toward it that was part of a pattern directed at the public generally (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316; *Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.