■ FREDERICK TALBOT, Individually and as Parent of MATTHEW F. TALBOT, an Infant, Appellant, v PATRICIA HEIMBAUGH, Respondent, et al., Defendants. [656 NYS2d 572] —Peters, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered August 14, 1996 in Madison County, which denied plaintiff's motion for partial summary judgment on the issue of liability against defendant Patricia Heimbaugh.

On November 10, 1993, Matthew F. Talbot, then nine years old, was riding as a passenger in a utility vehicle driven by defendant Patricia Heimbaugh (hereinafter defendant) when her vehicle collided with a vehicle driven by defendant Brian J. De Castro. After the accident, plaintiff, Talbot's father, commenced this action for personal injuries individually and on his son's behalf. Following joinder of issue but prior to the completion of discovery, plaintiff moved for partial summary judgment on the issue of defendant's liability. Supreme Court denied the motion and plaintiff appeals.

Plaintiff argues that the circumstances surrounding the accident establish defendant's liability as a matter of law and that summary judgment should have been awarded accordingly. In support of his motion, plaintiff submitted the affidavits of his attorney and himself. His attorney averred, based upon his review of records of the Oneida City Court, that defendant pleaded guilty to failure to secure seatbelt restraints on infant passengers as a result of the accident. Plaintiff, who was not a witness to the accident, stated, based upon his review of the police reports, that defendant was traveling in the westbound lane of a two-lane highway attempting to make a left-hand turn into a side street when she failed to yield the right-of-way to an oncoming vehicle and was struck from the side. Plaintiff further noted that, at the time of the accident, his son and the other children were riding in the cargo section of defendant's vehicle instead of in the seats which were equipped with seatbelts.

We find plaintiff's affidavits to be of little probative value on a motion for summary judgment since neither plaintiff nor his attorney have personal knowledge of the circumstances sur-

rounding the accident (*see, Siegel v Terrusa*, 222 AD2d 428; *Sturtevant v Home Town Bakery*, 192 AD2d 904; *Fashion Tanning Co. v Fulton County Elec. Contrs.*, 142 AD2d 465, 469). Nevertheless, even if we were to accept the truth of the statements contained in these affidavits, we would still find that plaintiff's motion was properly denied in view of defendant's affidavit in opposition to the motion. According to defendant, she was traveling at night and did not see the De Castro vehicle prior to the collision. Her affidavit raises a question of fact as to the speed of the De Castro vehicle and whether the headlights were lit on such vehicle prior to the accident. In view of this, we find that resolution of the issue of defendant's liability is not appropriate for summary judgment.

Mikoll, J. P., Crew III, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.