■ J & A Bayly Construction Company, Inc., Appellant, v Village of Castleton-on-Hudson, Respondent, et al., Defendant. [669 NYS2d 697] —White, J. Appeals (1) from an order of the Supreme Court (Ceresia Jr., J.), entered June 29, 1996 in Rensselaer County, which granted a motion by defendant Village of Castleton-on-Hudson for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered March 26, 1997 in Rensselaer County, which denied plaintiff's motion for reconsideration.

In June 1990, defendant Village of Castleton-on-Hudson awarded a contract to plaintiff for the erection of a ground water storage tank that was to be constructed of steel reinforced concrete that could not contain fly ash and had to include a certain air entraining admixture. Construction commenced immediately; however, in October 1990 it was discovered that the concrete contained fly ash and had less air entrainment than required. The Village directed plaintiff to remove the storage tank and, in March 1991, issued a notice of default to plaintiff which it rescinded in May 1991 when plaintiff agreed to demolish and reconstruct the storage tank. Plaintiff advised the Village that the cost for this extra work would be determined in accordance with the contract's provisions regarding the change order method of payment.

Plaintiff completed the extra work in early July and on July 23, 1991 submitted to the Village payment request No. 5, which did not include any charges for the extra work but was limited to the $52,443.07 balance due on the original contract. On August 9, 1991, Anna Bayly, plaintiff's president, executed an affidavit received from the Village that was similar to ones she had previously executed before receiving sequential contract payments wherein plaintiff agreed to shield the Village from any claims or liens arising out of the contract. After deducting $3,000 for work not completed, the Village issued a check to plaintiff for $49,443.07, which plaintiff negotiated. Thereafter,

in September 1991, plaintiff presented the Village with an extra work change order which it rejected on the ground that the extra work was brought about by the failure of plaintiff to supply proper concrete in the first instance.

Plaintiff then commenced this action seeking damages for the extra work it performed.* In its answer, the Village raised the affirmative defense of release and subsequently predicated a motion for summary judgment on that defense. Supreme Court granted the motion and, upon reargument, adhered to its determination. Plaintiff appeals.

A release is a contract that, unless its language is ambiguous, must be interpreted to give effect to the intent of parties as indicated by the language they utilized (*see, Loitta v Real Seal Constr.*, 203 AD2d 786, 787; *Stone v National Bank & Trust Co.*, 188 AD2d 865, 867). Here, the release reads as follows: "The acceptance by the Contractor * * * of the semi-final payment shall * * * constitute and operate as a release to the [Village] from any and all claims of any liability for anything theretofore done or furnished for or relating to or arising out of the work covered by the Contract and for any prior act, neglect or default on the part of the [Village] * * * in connection therewith." We agree with the Village that this language is unambiguous and that its clear import is that, by accepting a semifinal payment, a contractor releases the Village from any further claims in connection with the subject contract. Thus, to prevail on its motion, the Village was required to establish as a matter of law that plaintiff accepted a semifinal payment (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 631).

The contract provides that upon acceptance of all work, the engineer prepares a semifinal application for payment in an amount equal to 100% of the contract price less all previous payments and other deductions. The application is presented to the contractor who signs it and submits it to the Village for payment. It is undisputed that this procedure was not followed here nor was plaintiff advised by the Village that its payment request No. 5 was being treated as a semifinal payment application. The Village nevertheless argues that summary judgment in its favor was warranted since plaintiff knew or should have known that the submission of its payment request No. 5 would constitute a semifinal payment as it was in an amount equal to 100% of the contract price.

Plaintiff maintains that this inference cannot be drawn since

---

* The supplier of the concrete, defendant Clemente Latham Concrete Corporation, is not involved in this appeal.

the record indicates that it intended to seek payment for the extra work as it had advised the Village of its intention of doing so before undertaking the demolition and reconstruction of the storage tank. We must accept plaintiff's position because, on a motion for summary judgment, the nonmoving party is entitled to every favorable inference which can be drawn from the record (*see, Shay v Palombaro*, 229 AD2d 697, 700; *Flacke v NL Indus.*, 228 AD2d 888, 891). Additionally, the absence of a notice to plaintiff that its payment request No. 5 would be treated as a semifinal payment application raises the issue of whether its purported release of its extra work claim was an intentional relinquishment of a known right (*see, Orange Steel Erectors v Newburgh Steel Prods.*, 225 AD2d 1010, 1012; *see also, Silverite Constr. Co. v Facilities Dev. Corp.*, 172 AD2d 922). Lastly, Anna Bayly's affidavit provides no support to the Village as it does not contain an unequivocal statement indicating that plaintiff was foregoing its right to seek payment for its extra work (*see, National Helicopter Corp. v City of New York*, 952 F Supp 1011, 1021). Accordingly, for these reasons we reverse Supreme Court's order and deny the Village's motion for summary judgment.

Plaintiff's appeal from Supreme Court's order denying its motion for reargument is dismissed since no appeal lies from such order (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783).

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the appeal from the order entered March 26, 1997 is dismissed. Ordered that the order entered June 29, 1996 is reversed, on the law, with costs, and motion denied.

