■ ADELE TAVOULAREAS et al., Respondents, v PATRICE T. BELL, Appellant. [738 NYS2d 847] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about October 10, 2000, which granted plaintiffs' motion to confirm the referee's report finding that this action is not barred by a

settlement agreement and releases executed in connection with certain probate proceedings in Florida, denied defendant's cross motion to reject the report, and denied defendant's earlier motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and 3212, unanimously reversed, on the law, with costs, the motion to confirm the referee's report denied, the cross motion to reject the report granted, and the motion to dismiss the complaint granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

This action was commenced during the pendency in Florida of contested probate proceedings for the estate of the parties' late husband and father. The probate proceedings were resolved by a settlement agreement, dated November 15, 1999, among the parties to this action, and general releases executed and exchanged pursuant thereto. The settlement agreement provides that it constitutes "a full, final and complete compromise and settlement of all claims between the parties and is entered into solely for the purpose of avoiding the expense and inconvenience of further litigation." Each of the releases exchanged pursuant to the settlement agreement provides that it releases "all * * * actions, cause and causes of action, suits, * * * claims and demands whatsoever, in law or in equity," that the granting party may have had against the grantee or grantees. The quoted language of the settlement agreement and releases, which resulted from negotiations in which each party was represented by counsel, unambiguously manifests the intent to resolve all claims between the parties, including those at issue in this action, there being no language in either the settlement agreement or the releases excluding such claims from the scope of the releases (see, Coppola v WE Mag., 268 AD2d 303, 304; Goldberg v Manufacturers Life Ins. Co., 242 AD2d 175, 181, lv dismissed and denied 92 NY2d 1000). Accordingly, defendant's motion to dismiss the complaint should have been granted. We note that there was no occasion to consider extrinsic evidence of the parties' intent, since the language of the contractual documents is clear and unambiguous. Concur—Williams, P.J., Nardelli, Andrias, Sullivan and Friedman, JJ.