■ DAVID G. BRONSON, Doing Business as BRONSON AMERICA, Appellant, v ALGONQUIN LODGE ASSOCIATION, INC., Respondent. [744 NYS2d 220] —Carpinello, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered February 28, 2001 in Tompkins County, which, inter alia, denied plaintiff's motion for summary judgment.

On July 20, 1999, plaintiff, a licensed real estate broker, and defendant, a not-for-profit corporation providing cooperative

housing for Cornell University students, entered into a listing agreement for the sale of defendant's sole asset, a rooming house located in the City of Ithaca, Tompkins County. The original listing price was $350,000. Plaintiff contends that the parties' intention was to have the house appraised and to adjust the sale price consistent with the appraisal. In fact, on August 12, 1999, defendant received a formal written appraisal which estimated the fair market value of the property at $220,000. Subsequently, an amendment to the listing agreement was authorized by an officer of defendant reducing the listing price to $243,000, a figure which plaintiff claims was designed to give defendant 10% "negotiating room." In October 1999, plaintiff presented a proposed contract of sale signed by the prospective purchasers at a price of $220,000. The offer was rejected by defendant, which ultimately decided in April of the following year to sell the premises to another. Claiming that he had produced ready, willing and able purchasers for the agreed-upon listing price, plaintiff sued for his 8% commission. After joinder of issue and discovery, plaintiff's motion for summary judgment was denied without written decision by Supreme Court. Plaintiff appeals.

The motion for summary judgment was supported not only by plaintiff's affidavit (and other documentary evidence), but also by an affidavit from defendant's former treasurer confirming plaintiff's version of events, including defendant's willingness to sell the house for its "full appraised value." Significantly, defendant's opposition to the motion consisted solely of the affidavit of its attorney. We have regularly criticized this procedure since such an affidavit from one who has no personal knowledge of the operative facts is without probative value and consequently is insufficient to defeat the motion (*see, Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 342; *Sturtevant v Home Town Bakery*, 192 AD2d 904, 905).

This is not one of those cases in which the attorney affidavit serves as a vehicle for incorporating by reference attached affidavits or deposition transcripts from persons who do have knowledge of the facts. None of the exhibits attached to the affidavit of defendant's attorney even address, let alone contradict, plaintiff's evidentiary proof submitted in admissible form that he produced a buyer at a price acceptable to the seller. Under these circumstances, plaintiff established his entitlement to a commission as a matter of law (*see, Pacifico v Plate*, 183 AD2d 986, 987).

Lastly, we find no merit to defendant's legal arguments that a denial *without prejudice* of *defendant's* prior motion for sum-

mary judgment precluded the instant application or that the listing agreement violated either defendant's constitution or Not-For-Profit Corporation Law §§ 509 and 510, which govern the *sale* of real property not the execution of a listing agreement (*see, Shear v National Rifle Assn. of Am.*, 606 F2d 1251, 1258). Accordingly, plaintiff's motion for summary judgment for $17,600 should have been granted. In the absence of a written agreement providing for same, plaintiff is not entitled to counsel fees.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion; motion granted and summary judgment awarded to plaintiff; and, as so modified, affirmed.