■ MYRA RUBYCZ-BOYAR, Appellant, v FE A. MONDRAGON et al., Respondents. [790 NYS2d 266]—

Rose, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered January 12, 2004 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff and defendant Fe A. Mondragon (hereinafter defendant) are gynecologists who have known each other since medical school. Plaintiff became defendant's patient in 1982 and, in January 1999, she also began conducting her medical practice in office space she leased from defendant's professional corporation. On November 15, 2000, defendant performed laparoscopic surgery on plaintiff. As a result of postoperative complications and physical limitations allegedly caused by the surgery, plaintiff was unable to return to work more than part time and ultimately retired from practice in August 2001. Disagreements thereafter arose between the parties as to moneys owed by plaintiff for the leased office space due to her limited use of the facilities after her surgery. To resolve the disagreements, plaintiff ultimately tendered payments totaling $25,000 and, on September 6, 2002, with her counsel's advice, executed a general release that encompassed all claims or actions that she ever had or might have against defendant personally and her professional corporation "by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this [r]elease." Two months later, plaintiff commenced

this medical malpractice action against defendant and her professional corporation, alleging negligent care and treatment during and after the surgery performed in 2000. Defendants responded by asserting that the general release was a complete bar to her action, and later moved for summary judgment on this ground. Supreme Court granted defendants' motion and dismissed the action.

Plaintiff appeals, contending that despite the general release upon which defendants rely, she never meant for it to apply to her cause of action for malpractice against defendants. She asks this Court to consider her extrinsic evidence and find either that the release did not discharge defendants from liability for medical malpractice or that there is a question of fact as to whether the release was intended to discharge such liability, thus precluding summary judgment. We disagree.

"It is well settled that releases are contracts that, unless their language is ambiguous, must be interpreted to give effect to the intent of the parties as indicated by the language employed [and] . . . that releases bar suits on causes of action arising on or prior to the date of their execution but will not bar subsequent claims unless they are specifically embraced within the release or fall within the fair import of its terms" (*Murray-Gardner Mgt. v Iroquois Gas Transmission Sys.*, 229 AD2d 852, 853-854 [1996] [citations omitted]; *see J & A Bayly Constr. Co. v Village of Castleton-on-Hudson*, 248 AD2d 766, 767 [1998]; *Zilinskas v Westinghouse Elec. Corp.*, 248 AD2d 777, 778-779 [1998]). Only if an agreement is ambiguous may the court look to extrinsic evidence to determine the parties' intent (*see e.g. Murray-Gardner Mgt. v Iroquois Gas Transmission Sys., supra* at 854).

Our review of the release here reveals no ambiguity that would permit consideration of extrinsic evidence. The release contains no language qualifying the types of claims discharged or placing it solely in the context of the landlord/tenant relationship which existed between defendant's and plaintiff's respective professional corporations. Significantly, the record also shows that, while plaintiff had not yet asserted a claim for personal injuries, she clearly contemplated doing so before signing the release and, despite the apparent assistance of counsel, failed to take any steps to limit the scope of her release (*compare Cahill v Regan*, 5 NY2d 292, 299 [1959] [permitting the avoidance of a general release where, at the time it was executed, the releasor did not contemplate, and was unaware of the existence of, the unrelated claim]). Since the release unequivocally recites an intent to absolve defendants from their liabilities and obliga-

tions for any and all claims that plaintiff had or might have, Supreme Court properly granted defendants' motion for summary judgment (*see Tavoulareas v Bell*, 292 AD2d 256, 257 [2002]; *Booth v 3669 Del.*, 242 AD2d 921, 922 [1997], *affd* 92 NY2d 934 [1998]; *K3 Equip. Corp. v Kintner*, 233 AD2d 556, 557-558 [1996]; *Thailer v LaRocca*, 174 AD2d 731, 733 [1991]).

Mercure, J.P., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.