■   BERKELEY D. ELLIS et al., Respondents, v VILLAGE OF SCOTIA, Appellant. [794 NYS2d 155]—

Peters, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered July 26, 2004 in Schenectady County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs own property in the Town of Glenville, Schenectady County, which is located adjacent to defendant's reservoir. In 1997, plaintiffs advised defendant that the reservoir was leaking water onto their property causing damage. Thomas Cushing, defendant's Superintendent of the Department of Public Works, investigated plaintiffs' complaints and, based upon tests performed on a stream on plaintiffs' property, concluded that the reservoir was, indeed, leaking. Defendant hired engineers in 1998 and an extensive remediation project ensued. After the project was completed, defendant again tested the stream on plaintiffs' property and confirmed the absence of chlorine and fluoride.

In December 1998, plaintiffs filed a notice of claim for damages and followed with an action alleging negligence, nuisance and trespass; the gravamen of the claim was the damages caused by the reservoir's leakage. In December 2000, the parties entered into a general release and discontinued the action. The release was "given in full satisfaction of all damages sustained by [plaintiffs] up to the date of this release, December 6, 2000, and for all personal property or real estate damaged in any way by [defendant] or caused by any other person, firm, entity or condition up to and including the date of this release, December 6, 2000."

On December 27, 2000, plaintiffs notified defendant that the reservoir continued to leak. Plaintiffs filed a new notice of claim and, in August 2003, commenced this action alleging negligence, nuisance and trespass. They also sought a permanent injunction to prevent defendant from continuing to operate the reservoir. Both parties moved for summary judgment, with defendant

relying upon the release. Supreme Court denied both motions, finding that the release did not bar plaintiffs' claims and that there were genuine issues of material fact concerning whether the newly claimed damages to plaintiffs' property was caused by a continued leakage from defendant's reservoir. Defendant appeals.

We affirm. It is well settled that "[a] release is a contract that, unless its language is ambiguous, must be interpreted to give effect to the intent of parties as indicated by the language they utilize" (*J & A Bayly Constr. Co. v Village of Castleton-on-Hudson*, 248 AD2d 766, 767 [1998]). Here, Supreme Court properly concluded that the language of the release evinces an intent to discharge defendant from liability with respect to damages arising from the reservoir's leakage up to December 6, 2000, but does not reflect an intent to encompass a settlement between these parties for permanent damages. Accordingly, the release will not preclude claims arising thereafter "unless they are specifically embraced within the release or fall within the fair import of its terms" (*Murray-Gardner Mgt. v Iroquois Gas Transmission Sys.*, 229 AD2d 852, 854 [1996]; *see Matter of O'Hara*, 85 AD2d 669, 671 [1981]; *compare Rubycz-Boyar v Mondragon*, 15 AD3d 811, 812 [2005]). As there is no legal basis upon which the parties claim that the release should be set aside (*see Gohar v Albany Hous. Auth.*, 288 AD2d 657, 658 [2001]) and since the current dispute focuses on damages which allegedly occurred after the execution of the release, it will not bar the present proceeding (*compare Stone v National Bank & Trust Co.*, 188 AD2d 865, 867 [1992]). In so finding, we reject defendant's contention that the release included permanent damages; nothing in the release or in plaintiffs' complaint so indicated. Hence, since "[a] recovery on the basis of permanent damage is not permissible in a common-law action for a trespass upon land unless the injury is incapable of actual, physical repair and, therefore, in its nature and of necessity permanent" (*Dietzel v City of New York*, 218 NY 270, 272 [1916]), and there is no allegation that this nuisance cannot be abated, successive actions will be permitted (*Uline v New York Cent. & Hudson Riv. R.R. Co.*, 101 NY 98, 126 [1886]). We also reject the contention that plaintiffs' acceptance of the $65,000 was an accord and satisfaction (*compare Sorrye v Kennedy*, 267 AD2d 587, 589 [1999]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.