Lu v Lu (2018 NY Slip Op 00212)





Lu v Lu


2018 NY Slip Op 00212


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

524937

[*1]WEN YING GAMBA LU et al., Respondents,
v
WEN MEI LU et al., Appellants.

Calendar Date: November 13, 2017

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Whiteman Osterman & Hanna LLP, Albany (Jon E. Crain of counsel), for appellants.
Benjamin E. Carter, Riverhead, for respondents.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered July 20, 2016 in Saratoga County, which, among other things, partially granted plaintiffs' cross motion for summary judgment.
Plaintiff Yuen Hsiang Lu (hereinafter the father) is the father of plaintiff Wen Ying Gamba Lu (hereinafter the elder daughter), defendant Wen Mei Lu (hereinafter the younger daughter) and a third daughter. In the early 1990s, the third daughter deeded two commercial properties in the City of Saratoga Springs, Saratoga County (hereinafter the two properties) to the father, who then resided in Taiwan. Thereafter, the two properties were jointly managed by the younger daughter and the third daughter. In April 2015, the father returned to the United States and deeded the two properties to the elder daughter for
$10 each. Shortly thereafter, the younger daughter deeded the same two properties to defendant Lu Holding, LLC — a company that she had formed — for $1 each, acting pursuant to a power of attorney that the father had granted to her in 2006.
Plaintiffs commenced this action seeking annulment of the deeds to Lu Holding and punitive damages. Defendants answered and, as pertinent here, asserted an affirmative defense that the action was barred by releases signed by plaintiffs in 1997 pursuant to a stipulation by which a previous family property dispute had been settled. Thereafter, plaintiffs moved to enjoin the younger daughter from using the 2006 power of attorney, among other things. Defendants opposed and cross-moved for summary judgment based upon the 1997 stipulation and releases; plaintiffs cross-moved for summary judgment granting the relief sought in the complaint. Supreme Court found that the action was not barred by the stipulation and releases. The court partially granted plaintiffs' cross motion relative to the causes of action seeking annulment of the [*2]deeds, partially granted defendants' cross motion by dismissing the claim for punitive damages, and denied the parties' remaining requests. Defendants appeal.
The prior action, filed by the elder daughter and her then husband, was a dispute about the ownership and control of several properties in Saratoga County and Suffolk County. The defendants were the father, the younger daughter and the third daughter. In accord with the stipulation of settlement in that action, the elder daughter and her husband took ownership of a Suffolk County property in exchange for mutual releases by all of the parties of their claims against one another. Defendants now contend that the stipulation and releases preclude the elder daughter from claiming ownership of the two properties to the exclusion of the other daughters, and thus bar the current action. Supreme Court rejected this argument, finding that the stipulation and releases did not encompass the two properties. However, the stipulation provided that the parties intended to "put an end to all of the litigation currently existing between them, including but not limited to [the prior action]." We find that defendants' submissions in the current action raised triable issues of fact as to whether the prior claims involved the two properties and, thus, find that plaintiffs were not entitled to summary judgment on this basis (see generally Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]).
Nonetheless, we affirm Supreme Court's determination upon a different but related ground. The stipulation in the prior action obligated the parties to "execute mutual general releases pursuant to which each and every party will release each and every other party, to the fullest extent possible, from [any] and all claims which they may have at the present time against each other" (emphasis added). The releases, in turn, provided that the parties released one another from any claims "by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this [release]" (emphasis added). Plaintiffs' current claims arise from the 2015 conveyances by the father to the elder daughter and by the younger daughter to Lu Holding — transactions that had not yet taken place in 1997, when the parties executed the stipulation and releases.
"A release is a contract that, unless its language is ambiguous, must be interpreted to give effect to the intent of parties as indicated by the language they utilized" (J & A Bayly Constr. Co. v Village of Castleton-on-Hudson, 248 AD2d 766, 767 [1998] [citations omitted]; see Rubycz-Boyar v Mondragon, 15 AD3d 811, 812 [2005], lv denied 5 NY3d 703 [2005]). Where, as here, a release provides without ambiguity that it is intended to apply to claims arising on or before a certain date, the release does not preclude claims that arise afterwards "unless they are specifically embraced within the release or fall within the fair import of its terms" (Murray-Gardner Mgt. v Iroquois Gas Transmission Sys., 229 AD2d 852, 854 [1996]). Nothing in the releases indicates an intent to attempt to bar claims arising from property conveyances occurring years after the releases were executed, nor can they be read to preclude the parties from making such conveyances. Accordingly, the releases do not bar the present action (see Ellis v Village of Scotia, 17 AD3d 971, 972 [2005]; Murray-Gardner Mgt. v Iroquois Gas Transmission Sys., 229 AD2d at 854).
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.