Lu v Gamba (2018 NY Slip Op 01235)





Lu v Gamba


2018 NY Slip Op 01235


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

524879

[*1]WEN MEI LU et al., Appellants,
v
WEN YING GAMBA et al., Respondents.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey and Aarons, JJ.


Whiteman Osterman & Hanna LLP, Albany (Jon E. Crain of counsel), for appellants.
Phelan, Phelan & Danek, LLP, Albany (Timothy S. Brennan of counsel), for respondents.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered April 18, 2017 in Saratoga County, which, among other things, partially granted defendants' cross motion for summary judgment dismissing the complaint.
This matter involves a family property dispute among siblings and their parents. Plaintiff Wen Mei Lu and defendant Wen Ying Gamba (hereinafter Gamba) are sisters, and their father is defendant Yuen Hsiang Lu (hereinafter the father)[FN1]. In April
2015, the father executed deeds (hereinafter the Gamba deeds) conveying two commercial properties in the City of Saratoga Springs, Saratoga County to Gamba. In the same month, Wen Mei Lu acted pursuant to a power of attorney previously granted to her by the father to execute deeds (hereinafter the Lu Holding deeds) that conveyed the same properties to plaintiff Lu Holding, LLC. The father and Gamba commenced an action against Wen Mei Lu and Lu Holding seeking, as pertinent here, to annul the Lu Holding deeds, and the parties exchanged cross motions for summary judgment. In July 2016, Supreme Court determined that the action was not barred by releases that the parties had executed as part of the settlement of a previous property dispute and granted summary judgment to the father and Gamba. The court found that the Gamba deeds were valid, while noting that the issue of the father's competency to execute [*2]them had not been "framed in the pleadings of [the] action" and that it did not appear that this issue had been determined by any other court.
In August 2016, Wen Mei Lu and Lu Holding moved pursuant to CPLR 2221 (e) for leave to renew the parties' cross motions based upon a new affidavit or, in the alternative, for resettlement of Supreme Court's July 2016 order to clarify whether the court's language with respect to the validity of the Gamba deeds had a preclusive effect upon other challenges to their validity brought by Wen Mei Lu, Lu Holding or other members of the Lu family. In September 2016, Supreme Court denied the motion for renewal, but granted the motion for resettlement, finding that the previous decision had resolved only the specific issues raised in the pleadings and "that it was not the court's intent to foreclose other challenges to the underlying transactions which took place in April 2015 and to that extent, the court's decision, order and judgment is clarified to make that clear to the parties."
Wen Mei Lu and Lu Holding appealed from the July 2016 order in the prior action, and this Court recently affirmed (Lu v Lu, ___ AD3d ___, 2018 NY Slip Op 00212 [2018]). The September 2016 order and the underlying motion were not mentioned in the appeal or included in the record, and the parties raised no related issues.
In November 2016, plaintiffs commenced this action seeking to impose a constructive trust upon the two commercial properties and a residential property in the Town of Guilderland, Albany County. This action also includes causes of action for judgments declaring that the Gamba deeds and a power of attorney that the father had granted to Gamba are null and void on the ground, among other things, that the father lacked capacity to execute them, and that the Lu Holding deeds are valid and enforceable, as well as causes of action for unjust enrichment and conversion of certain funds. As pertinent here, defendants cross-moved for summary judgment dismissing the complaint in its entirety on the basis of res judicata. In April 2017, Supreme Court partially granted the cross motion by dismissing the constructive trust cause of action as to the commercial properties and dismissing the declaratory judgment claims and the unjust enrichment claim in their entirety. The constructive trust claim pertaining to the residential property and the conversion claim were not dismissed. Plaintiffs appeal.
We agree with plaintiffs that defendants were collaterally estopped from moving for summary judgment on the basis of res judicata by Supreme Court's July 2016 judgment, as clarified and resettled by the September 2016 order. The issues raised in the cross motion for summary judgment in the current action were also raised in the motion in the prior action, defendants had a full and fair opportunity to litigate those issues at that time, and plaintiffs relied upon Supreme Court's previous resolution of those issues in commencing the current action. To undercut that reliance and permit defendants to relitigate and reverse the prior result would conflict with the fundamental concepts of fairness upon which the doctrine of collateral estoppel is based, as well as the underlying policies of "avoiding relitigation of a decided issue and the possibility of an inconsistent result" (Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 668 [1990]).
"Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity" (Buechel v Bain, 97 NY2d at 303 [citation omitted]; accord Weston v Cornell Univ., 116 AD3d 1128, 1129 [2014]; see generally Siegel, NY Prac § 443 [1], [2] at 773-774 [5th ed 2011]). To establish collateral estoppel, it must be shown that a decisive issue in the current action is identical to an issue resolved in a prior action, and that there was a full and fair [*3]opportunity to litigate that issue in the prior proceeding (see Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 153 [1988]; Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 71 [1969]; Town of Fort Ann v Liberty Mut. Ins. Co., 137 AD3d 1389, 1390 [2016]). These elements, however, "are not to be mechanically applied as a mere checklist. Collateral estoppel is an elastic doctrine and the enumeration of these elements is intended as a framework, rather than a substitute, for analysis" (Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d at 153).
Wen Mei Lu and Lu Holding, both of whom are plaintiffs in the current action, asserted in the prior motion that they intended to file a separate action that would challenge the validity of the father's deeds and would also seek to impose a constructive trust upon the commercial properties — that is, the same causes of action that plaintiffs then raised in this action, along with the unjust enrichment and conversion claims. Wen Mei Lu and Lu Holding argued that, under New York's permissive counterclaim rule, they were not required to bring these claims as counterclaims in the prior action and, thus, that res judicata did not bar the new causes of action. These are "precisely the same issue[s]" that are now being argued upon defendants' cross motion for summary judgment; thus, plaintiffs have met their burden, as the parties seeking the benefit of collateral estoppel, to establish identity of issue (Matter of State of New York [KKS Props., LLC], 149 AD3d 1317, 1319 [2017]; see Buechel v Bain, 97 NY2d at 304). It thus becomes defendants' burden to "demonstrat[e] the absence of a full and fair opportunity to contest the prior determination" (Buechel v Bain, 97 NY2d at 304; see Matter of State of New York [KKS Props., LLC], 149 AD3d at 1318-1319). However, defendants have not claimed, either in Supreme Court or upon this appeal, that such an opportunity was lacking, and we find no indication in the record that Gamba and the father — who are defendants here — did not have a full and fair opportunity to litigate the res judicata issue when they opposed the motion in the prior action.
This conclusion is not altered by the fact that the res judicata question was not "necessarily decided" as part of the resolution of the primary issues raised by the pleadings in the previous action (D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d at 664; see e.g. Schwartz v Public Adm'r of County of Bronx, 24 NY2d at 71). Such an issue is properly given preclusive effect where, as here, it has been "actually litigated, squarely addressed and specifically decided" (Ross v Medical Liab. Mut. Ins. Co., 75 NY2d 825, 826 [1990]; see Malloy v Trombley, 50 NY2d 46, 50-53 [1980]). Notably, Supreme Court's ruling on the res judicata issue in the prior action was not "gratuitous" language on an incidental matter, such that the parties might not have anticipated the need to contest it vigorously (Nassau Roofing & Sheet Metal v Facilities Dev. Corp., 115 AD2d 48, 51 [1986]; see e.g. Pollicino v Roemer & Featherstonhaugh, 277 AD2d 666, 667-668 [2000]; Robbins v Michigan Millers Mut. Ins. Co., 236 AD2d 769, 771 [1997]). On the contrary, the res judicata question was squarely presented in a form that gave clear notice that Supreme Court was being asked to decide an issue of considerable significance to all parties — that is, the availability of a subsequent action that would seek to impose a constructive trust upon the commercial properties and challenge the validity of the Gamba deeds.
The applicability of collateral estoppel is based upon principles of fairness and "the facts and realities of a particular litigation, rather than rigid rules" (Buechel v Bain, 97 NY2d at 303). Upon our consideration of the facts and realities here, as well as the identity of the issues raised in the two actions and defendants' failure to establish the lack of a full and fair opportunity to litigate the res judicata issue, we find that collateral estoppel precludes defendants from relitigating it (see Ross v Medical Liab. Mut. Ins. Co., 75 NY2d at 826; Malloy v Trombley, 50 NY2d at 52; Deck v Merrimack Mut. Fire Ins. Co., 245 AD2d 1019, 1020 [1997]; Aldrich v State of New York, 110 AD2d 331, 333 [1985]). We therefore find that defendants' cross motion [*4]for summary judgment should have been denied in this matter.
Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as partially granted defendants' cross motion for summary judgment; cross motion denied in its entirety; and, as so modified, affirmed.



Footnotes

Footnote 1: The remaining individual parties are the siblings' mother, plaintiff Chin Chung Lin Lu, another sister, plaintiff Li Hua Lu, and a brother, defendant Wen Fu Lu.