■ In the Matter of HOWARD M. YADDOW et al., Individually and as Parents of CHARLES V. YADDOW, an Infant, Respondents, v ESTATE OF KENNETH J. SMITH, Deceased, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Ford, J.), entered April 21, 1986 in Franklin County, which granted petitioners' application pursuant to CPLR 2221 to vacate a stipulation of settlement.

Charles V. Yaddow (hereinafter the infant) sustained serious head and other injuries in 1983 when he was thrown from a motorcycle owned and operated by decedent, Kenneth J. Smith. Smith had maintained a liability insurance policy on the motorcycle with only a coverage of $10,000. Shortly after the accident, petitioners applied for and received court approval of a settlement with respondent by payment of the full policy limit. Thereafter, petitioners retained new counsel who determined that a viable products liability suit existed against the manufacturer of the helmet worn by the infant at the time of the accident. However, as a result of the settlement entered into with respondent, it was also recognized that the infant might be barred from obtaining recovery from the

helmet manufacturer, a joint tort-feasor, for the full extent of his injuries *(see,* General Obligations Law § 15-108). Accordingly, petitioners moved to vacate the 1983 settlement.

Supreme Court denied the motion on the ground that petitioners had failed to make a factual showing that the helmet worn by the infant was defective. Petitioners then renewed the motion, submitting an affidavit from a qualified expert that the snap on the infant's helmet was defective and had released during the accident and an affidavit from the infant's treating physician that the infant's injuries would have been significantly different had the helmet remained securely on his head at the time of impact. Supreme Court granted petitioners' motion to vacate the settlement and this appeal ensued. We now affirm.

An infant is a ward of the court and the court has a duty to protect his interests (28 NY Jur, Infants, § 63, at 285-286; *see, Naujokas v Carey High School,* 57 Misc 2d 175, 178 [Wachtler, J.], *revd on other grounds* 33 AD2d 703). Here, it was not contested that the infant's damages as a result of the accident exceeded the $10,000 realized by the initial settlement. Furthermore, petitioners maintained that at the time of the settlement their prior attorneys had not informed them of the existence of a products liability cause of action against the manufacturer and of the effect of the settlement on recovery thereunder. Under such circumstances, it was within the court's discretion to determine that the settlement was not in the infant's best interest and to vacate it in the interest of justice *(see, Farraro v Stripekis,* 60 AD2d 861; *Bruder v Schwartz,* 260 App Div 1048; *cf., Perone v Nicklas,* 99 AD2d 484, 486, *lv dismissed* 63 NY2d 610, 64 NY2d 646).

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.