■ RAFIQ AHMED CHAUDHRY et al., Appellants, v CARA M. GARVALE, Respondent. [692 NYS2d 447] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Berler, J.), dated August 31, 1998, which (1) granted the defendant's motion for summary judgment dismissing the complaint, and (2) denied their cross motion to strike the affirmative defense of release.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the Supreme Court did

not err in granting the motion of the defendant for summary judgment dismissing the complaint. The plaintiff Rafiq Ahmed Chaudhry, who was injured when the defendant's car struck his car, signed a general release releasing all claims of any kind, including personal injury and property damage claims, that he might have against the defendant. The general rule is that " 'a valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between the parties' " (*Thailer v LaRocca,* 174 AD2d 731, 733, quoting *Appel v Ford Motor Co.,* 111 AD2d 731, 732; *see, Mangini v McClurg,* 24 NY2d 556). Where the language with respect to the parties' intent is clear and unambiguous, it will be given effect, regardless of one party's claim that he intended something else (*see, DeQuatro v Zhen Yu Li,* 211 AD2d 609; *Thailer v LaRocca, supra*). Chaudhry's contention that he did not understand nor did he intend that the release would cover both personal injury and property damage claims is insufficient to defeat the defendant's prima facie showing of her entitlement to summary judgment as a matter of law, since the language of the release was plain and unambiguous. Furthermore, the plaintiffs were represented by counsel at the time the release was signed, and counsel had the opportunity to negotiate the terms of the release on behalf of the plaintiffs, and to advise them of the consequences of its execution.

The plaintiffs' remaining contentions are without merit. Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.