■ In the Matter of CHARLESTON SQUARE, INC. ARVID KRISTENSEN et al., Respondents; CHARLESTON SQUARE, INC., Appellant. (Proceeding No. 1.) In the Matter of CASA MASON CORP. ARVID KRISTENSEN et al., Respondents; CASA MASON CORP., Appellant. (Proceeding No. 2.) [743 NYS2d 170] —In related proceedings to dissolve two closely held corporations pursuant to common-law dissolution and Business Corporation Law § 1104-a, the appeal is from an amended order of dissolution of the Supreme Court, Richmond County (Pizzuto, J.H.O.), dated October 18, 2000, which, after a hearing, granted the petitions and dissolved both corporations.

Ordered that the amended order of dissolution is affirmed, with costs.

The petitioners Arvid Kristensen and Claire Kristensen seek the dissolution of Charleston Square, Inc. (hereinafter Charleston), and Casa Mason Corp. (hereinafter Casa Mason). They are minority shareholders in both corporations who collectively own 16⅔% of all outstanding shares of Charleston and 25% of all outstanding shares of Casa Mason. A nonparty witness has an 8.335% interest in Casa Mason. The remaining outstanding shares of the two corporations are held by Joseph Casavecchia and William W. Mizrahi (hereinafter the Majority

Shareholders). Both corporations were formed for the primary purpose of purchasing unimproved land and building houses thereon that would be sold. It was agreed that Arvid Kristensen would receive $25,000 for each house he built for Casa Mason and $10,000 for each house he built for Charleston, along with a real estate commission for each house he sold.

The petitioners allege, among other things, that the Majority Shareholders wrongfully terminated Arvid Kristensen, are guilty of illegal, fraudulent, and oppressive actions, and that the property of the corporations is being wasted and diverted for noncorporate purposes. Specifically, it is alleged that the Majority Shareholders usurped corporate opportunities by selling four undeveloped Charleston plots to two other corporations, one of which was entirely owned by Casavecchia. The record shows that these two corporations had already contracted with buyers solicited by them before the plots were acquired from Charleston. In addition, the petitioners allege that the Majority Shareholders failed to distribute dividends and compensate Arvid Kristensen for his services. Arvid Kristensen has not been compensated for two houses he built for Charleston, three houses he built for Casa Mason, and four foundations he installed for Charleston.

Although we do not find that Arvid Kristensen was wrongly terminated, we agree with the Supreme Court that the corporations should be dissolved. In *Matter of Kemp & Beatley* (64 NY2d 63, 73), the Court of Appeals held that "utilizing a complaining shareholder's 'reasonable expectations' as a means of identifying and measuring conduct alleged to be oppressive is appropriate." The Court of Appeals further stated that "[o]ppression should be deemed to arise only when the majority conduct substantially defeats expectations that, objectively viewed, were both reasonable under the circumstances and were central to the petitioner's decision to join the venture" (*id.* at 73). Upon the record before us, it is clear that the petitioners were oppressed within the meaning of the statute.

The appellants' remaining contentions are without merit. Florio, J.P., Smith, Schmidt and Townes, JJ., concur.