■ In the Matter of BROOKLYN RESOURCES RECOVERY, INC., Respondent. GERARD MURO et al., Appellants. [766 NYS2d 121] —In a proceeding pursuant to Business Corporation Law § 1104-a for the dissolution of Brooklyn Resources Recovery, Inc., the petitioners appeal from an order of the Supreme Court, Kings County (Jones, J.), dated June 27, 2002, which denied their motion for leave to assert a claim for a credit and award of repayment of shareholder loans in the amount of $810,000 in principal, $865,551 in interest through December 31, 1998, plus interest from January 1, 1999, through the date of judgment.

Ordered that the order is affirmed, with costs.

Contrary to the petitioners' assertions, their petition for dissolution of Brooklyn Resources Recovery, Inc. (hereinafter BRRI), pursuant to Business Corporation Law § 1104-a did not include any other causes of action, such as one to recover damages for breach of a loan agreement or fraud, but merely contained allegations of illegal, fraudulent, or oppressive actions required to support their claim for dissolution (see Business Corporation Law § 1104-a; *Matter of Penepent Corp.*, 96 NY2d 186, 191 [2001]; *Matter of Charleston Sq.*, 295 AD2d 425, 426 [2002]; *Matter of Upstate Med. Assoc.*, 292 AD2d 732, 733 [2002]; *Sears v Country Devs.*, 178 AD2d 708 [1991]). Further,

the settlement and release agreement dated January 27, 2000, between BRRI, the petitioner Gerardo Muro, and entities controlled by him pertaining to five related lawsuits, was knowingly and voluntarily executed by Muro individually and on behalf of all the entities, and contained a general release that unambiguously released BRRI from all future claims, including claims for debts, with the exception of the petition for dissolution as it had been pleaded as of the date of the settlement agreement. The plain language of the release is controlling, regardless of one party's claim that he intended something else (*see Chaudhry v Garvale,* 262 AD2d 518 [1999]). Thus, the petitioners are barred from asserting new claims as part of the dissolution proceeding. Moreover, the election of majority shareholders of BRRI under Business Corporation Law § 1118 (a) to purchase the petitioners' shares for their fair value, and the subsequent settlement of the dispute as to the fair market value of those shares, effectively disposes of the petition for dissolution (*see Matter of Penepent Corp., supra).* Ritter, J.P., Florio, S. Miller and Luciano, JJ., concur.