■ ELENA ALICEA RODRIGUEZ et al., Respondents, v STUART SAAL et al., Defendants, and NEW YORK ORGAN DONOR NETWORK et al., Appellants. [857 NYS2d 546]—

Order, Supreme Court, New York County (Joan B. Carey, J.), entered November 2, 2007, which, in an action for wrongful death alleging that a cancerous kidney transplanted into plaintiff's decedent at defendant hospital was procured by defendant-appellant organ donor network (Network), denied Network's motion to dismiss the complaint as against it on the ground of release, with leave to renew after a hearing on the issue of whether the subject release was intended to cover Network, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

The subject "general release" states that consideration provided by the hospital constituted "complete payment for all damages and injuries" and was intended to release not only the hospital but also, "whether presently known or unknown, all other tortfeasors liable or claimed to be liable jointly with the [hospital]; and whether presently known or unknown all other potential or possible tortfeasors liable or claimed to be liable jointly with the [hospital]." Some four months earlier, when plaintiff and the hospital advised the court of their settlement, plaintiff's attorney stated that the settlement was not intended to include Network; it appears that Network's attorney was not present at this conference, and that there was no response to this statement from the hospital's attorney. The action should be dismissed as against Network based on this clear and unambiguous release intended to put an end to the action. Any ambiguity was created by plaintiff's counsel's statements on the record months before the release was executed. Those statements are extrinsic to the release and other settlement documents and therefore cannot be considered (see Wells v Shearson Lehman/American Express, 72 NY2d 11, 19 [1988]). It does not avail plaintiff that Network was not specifically identified in the release (id.). We have considered plaintiff's other arguments and find them unavailing. Concur—Lippman, P.J., Saxe, Buckley and Acosta, JJ.