In an action to impose a constructive trust, for an accounting, and to recover damages for the breach of a fiduciary duty, breach of contract, and conversion, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated June 11, 2007, as granted those branches of the defendants’ motion which were for summary judgment dismissing the first, second, and third causes of action in the complaint.
*720 Ordered that the order is affirmed insofar as appealed from, with costs.
The present controversy involves a limited liability company known as Ocean Dreams, LLC, which owns real property in Brooklyn. In essence, the plaintiff Saul Friedman claims that he owns 50% of Ocean Dreams, LLC, based upon an oral agreement with the defendant David Weisz and prior partnership agreements precluding Weisz from purchasing real property without his partners, including the plaintiff.
The Supreme Court properly granted those branches of Weisz’s motion which were for summary judgment dismissing the first, second, and third causes of action in the complaint. Weisz established that he was entitled to judgment as a matter of law by tendering documentary evidence that contradicted Friedman’s claims. This evidence showed that Friedman executed a partnership redemption agreement on October 3, 2002, which contained a merger clause precluding him from relying on any prior partnership agreements, and a no-modification clause precluding him from entering into any oral agreements regarding Ocean Dreams, LLC. At the same time, Friedman executed a general release, which, inter alia, discharged Weisz from any claims arising from their prior business dealings. Under the traditional rules of contract law, the courts will enforce a clear and unambiguous merger clause (see AFA Protective Sys. v Lincoln Sav. Bank, 194 AD2d 509 [1993]) and a valid release (see Matter of Brooklyn Resources Recovery, 309 AD2d 931 [2003]; Chaudhry v Garvale, 262 AD2d 518 [1999]; Touloumis v Chalem, 156 AD2d 230, 232 [1989]; Appel v Ford Motor Co., 111 AD2d 731, 732 [1985]).
Friedman’s conclusory allegations presented feigned factual issues designed to avoid the consequences of the defendants’ documentary evidence (see Buziashvili v Ryan, 264 AD2d 797 [1999]; Matter of Fisch v Aiken, 252 AD2d 556 [1998]).
Friedman’s remaining contentions are without merit or need not be reached in light of our determination. Prudenti, EJ., Santucci, McCarthy and Chambers, JJ., concur. [See 15 Misc 3d 1146(A), 2007 NY Slip Op 51188(U).]