■ Jared Benjamin Koufakis et al., Appellants, v Rosemarie Siglag et al., Respondents. [925 NYS2d 204]—

In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Rosenberg, J.), dated April 15, 2010, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the action cannot be maintained because of a release.

Ordered that the order is affirmed, with costs.

The infant plaintiff was born on March 5, 1994. During the delivery, Alan A. Adler, the doctor who had treated the plaintiff mother during her pregnancy, encountered a shoulder dystocia and called for assistance. Dr. Howard Siglag, a now-deceased private attending physician, responded and assisted Dr. Adler in freeing the shoulder and facilitating the delivery. The infant plaintiff suffers from Erb's palsy, allegedly as a result of the delivery. The defendants are the coexecutrices of Dr. Siglag's estate.

On December 3, 1999, the plaintiffs commenced an action to recover damages for medical malpractice against Dr. Adler, his medical office, and the hospital, alleging improper and negligent care in the delivery of the infant plaintiff. In their depositions in that action, the plaintiff mother and the infant's father both described a second participant in the delivery other than Dr. Adler. Dr. Adler also was deposed and identified the other doctor as Dr. Siglag.

On December 24, 2003, the plaintiffs commenced this action against Dr. Siglag, also alleging that he rendered improper and negligent care in the delivery.

On January 26, 2004, the plaintiffs settled their action against Dr. Adler for the sum of $400,000 and, on February 13, 2004, executed a general release in favor of Dr. Adler which stated that the consideration provided by Dr. Adler constituted "complete payment for all damages and injuries" and was intended to release not only Dr. Adler but also, "whether presently known or unknown, all other tortfeasors liable or claimed to be liable jointly with [Dr. Adler]; and whether presently known or unknown all other potential or possible tortfeasors liable or claimed to be liable jointly with [Dr. Adler]." The plaintiffs applied for and received court approval of the settlement. The order of compromise authorized the execution of a general release to effectuate the settlement.

Pursuant to General Obligations Law § 15-108 (a), "[w]hen a release . . . is given to one of two or more persons liable or claimed to be liable in tort for the same injury . . . it does not discharge any of the other tortfeasors from liability for the injury . . . *unless its terms expressly so provide*" (emphasis added). The statute does not demand that every discharged party be specifically named or identified (*see Wells v Shearson Lehman/American Express*, 72 NY2d 11, 21-22 [1988]; *Morales v Rotino*, 27 AD3d 433 [2006]). A release which is clear and unambiguous will be fully enforced (*see Matter of Brooklyn Resources Recovery*, 309 AD2d 931, 932 [2003]; *Chaudhry v Garvale*, 262 AD2d 518, 519 [1999]), and the court may not look to extrinsic evidence to determine the parties' intent (*see Rodriguez v Saal*, 51 AD3d 449, 450 [2008]; *Rubycz-Boyar v Mondragon*, 15 AD3d 811, 812 [2005]; *Electronic Bankcard Sys. v Shiner*, 305 AD2d 366, 368 [2003]; *see also Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]).

Here, the release clearly and unambiguously released Dr. Siglag as a tortfeasor claimed to be jointly liable with Dr. Adler. The plaintiffs' misunderstanding of the terms of the release is an insufficient basis to avoid the consequences of the release (*see Matter of Brooklyn Resources Recovery*, 309 AD2d at 932; *Chaudhry v Garvale*, 262 AD2d 518, 519 [1999]). This is especially so given that they had commenced this action against Dr. Siglag before they signed the release and, despite the apparent assistance of counsel, failed to take any steps to limit the scope of the release (*see Rubycz-Boyar v Mondragon*, 15 AD3d at 812; *cf. Cahill v Regan*, 5 NY2d 292, 299 [1959]; *Matter of Yaddow v Estate of Smith*, 130 AD2d 838, 839 [1987]).

Contrary to the plaintiffs' contention, that the order of compromise did not specifically name Dr. Siglag does not render the general release unenforceable with respect to him. A release ex-

ecuted incident to a court-approved settlement of an infant's claim against a particular defendant may bar subsequent claims against joint tortfeasors not named in the settlement if the release expressly so provides (*see Krichmar v Krichmar*, 42 NY2d 858, 860 [1977]; *cf. Matter of Yaddow v Estate of Smith*, 130 AD2d 838 [1987]).

The defendants established their prima facie entitlement to judgment as a matter of law by showing that the release expressly provides for the release of all joint tortfeasors, and that Dr. Siglag falls into that category. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see Rubycz-Boyar v Mondragon*, 15 AD3d at 812; *Tavoulareas v Bell*, 292 AD2d 256, 257 [2002]; *Tamayo v Ford Motor Titling Trust*, 284 AD2d 529, 530 [2001]; *cf. Morales v Rotino*, 27 AD3d at 435).

The plaintiffs' remaining contention is improperly raised for the first time on appeal and, in any event, is without merit. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.