Order, Supreme Court, New York County (Alice Schlesinger, J.), entered May 15, 2012, which, in this medical malpractice action, to the extent appealed from as limited by the briefs, denied defendants-appellants’ motions to dismiss pursuant to CPLR 3211 (a) (5), unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment dismissing the complaint as against defendants-appellants.
The general release states that consideration provided by defendant hospital constituted “complete payment for all damages and injuries” and was intended to release not only the hospital but also, “whether presently known or unknown, all tortfeasors liable or claimed to be liable jointly with the [hospital]; and, whether presently known or unknown, all other potential or possible tortfeasors liable or claimed to be liable jointly with the [hospital].”
The action should have been dismissed as against defendants-appellants based on the unambiguous language in the release, which clearly intended to put an end to the action (see Wells v Shearson Lehman/American Express, 72 NY2d 11, 23 [1988]; Rodriguez v Saal, 51 AD3d 449, 450 [1st Dept 2008]). Given the unambiguous terms of the release, the motion court should not have considered extrinsic evidence (see Wells, 72 NY2d at 24; Rodriguez, 51 AD3d at 450) — namely, the stipulation of settlement of the action with the hospital, filed in connection with the hospital’s bankruptcy proceedings. The general release does not refer to the stipulation, which was executed more than a month before the general release and negotiated during bankruptcy proceedings in federal court (compare Rodriguez, 51 AD3d at 450, with BWA Corp. v Alltrans Express US.A., 112 AD2d 850, 852 [1st Dept 1985]).
We reject plaintiff’s argument that the appeal is moot. Plaintiff never sought permission from the motion court to reform the general release (see Ribacoff v Chubb Group of Ins. Cos., 2 AD3d 153, 154 [1st Dept 2003]). Moreover, absent evidence from the hospital that there was any mutual mistake, the reformed general release, executed after entry of the order under review, will not be considered (id.). Further, plaintiff *601 never argued before the motion court that the stipulation of discontinuance of the action against the hospital and another doctor renders this controversy moot. Accordingly, we decline to consider this claim (see Sonnenschein v Douglas Elliman Gibbons & Ives, 96 NY2d 369, 376-377 [2001]). Concur — Friedman, J.E, Moskowitz, DeGrasse, Richter and Gische, JJ.