In an action, inter alia, to recover damages for medical malpractice, the defendant William Middlesworth appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 11, 2013, as, upon renewal, adhered to the determination in an order of the same court entered June 13, 2012, denying his motion for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the order entered June 13, 2012, is vacated, and that branch of the defendant’s motion which was for summary judgment dismissing the complaint insofar as asserted against him is granted.
In the weeks following the infant plaintiffs premature birth, he received treatment at Our Lady Of Mercy Medical Center (hereinafter OLOM) for various conditions including necrotizing enterocolitis, which affects the bowel. The defendant William Middlesworth, a pediatric surgeon, was employed by Columbia University, which, according to Middlesworth, had a “medical service affiliation agreement” with OLOM, whereby, according to Middlesworth’s deposition testimony, he and some of his Columbia University colleagues provided all of OLOM’s pediatric surgery coverage. Middlesworth was not employed by *744 OLOM, but had attending privileges there and was acting as the on-call pediatric surgeon on the evening of July 10, 2003, when he received a consult request for the infant plaintiff from a surgical resident employed by OLOM. The complaint alleges that, during this consult, Middlesworth negligently failed to detect air in the infant plaintiffs abdominal cavity, a sign that the bowel may have a hole or perforation.
On July 10, 2006, the infant plaintiff, by his mother and natural guardian, Elizabeth Frempong Darko, commenced an action, inter alia, to recover damages for medical malpractice against OLOM and several other defendants relating to a range of treatment he received during and after delivery, but Middles-worth was not named as a defendant. Following OLOM’s subsequent petition for bankruptcy, it entered into a court-approved settlement agreement with the infant plaintiff, whereby OLOM agreed to pay $1 million according to the terms of a general release (hereinafter Release). The Release stated, in relevant part, that the infant plaintiff, by his parent and natural guardian:
“completely and irrevocably releases and forever discharges Our Lady of Mercy Medical Center and its . . . agents, servants, representatives, employees . . . affiliates and employees of all . . . affiliates . . . , past, present, or future (individually and collectively, the ‘Releasee’) from all actions, causes of action, [or] suits . . . , whether presently known or unknown, asserted or unasserted, which, against the Releasee the Releasor . . . ever had, could have had, now has, or hereinafter can, shall or may have, or that may hereafter accrue, for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Release.
“This Release and settlement constitutes complete payment for all damages and injuries alleged to be proximately caused by the Releasee and is specifically intended to release the Releasee as well as all tortfeasors and/or other persons or entities whether presently known or unknown, at any time liable or claimed to be liable for those damages or injuries, who are (a) insured through the CCC Insurance Program, and/or (b) owed any obligation of indemnity by the Releasee.”
Thereafter, on May 25, 2010, the infant plaintiff commenced this action against Middlesworth and a codefendant. The codefendant was later released from the lawsuit by virtue of his coverage through OLOM’s CCC insurance policy. Middlesworth moved for summary judgment dismissing the complaint insofar as asserted against him, which motion was denied in an order entered June 13, 2012. Middlesworth later moved, inter alia, for *745 leave to renew, arguing, among other things, that he was entitled to dismissal of the complaint based, among other things, upon the prior release and res judicata. Upon renewal, the Supreme Court adhered to its earlier determination denying the motion.
Pursuant to General Obligations Law § 15-108 (a), “[w]hen a release ... is given to one of two or more persons liable or claimed to be liable in tort for the same injury ... it does not discharge any of the other tortfeasors from liability for the injury . . . unless its terms expressly so provide” (emphasis added). The statute does not require that every discharged party be specifically named or identified (see Koufakis v Siglag, 85 AD3d 872 [2011]; Wells v Shearson Lehman/American Express, 72 NY2d 11, 21-22 [1988]). A release which is clear and unambiguous will be fully enforced (see Koufakis v Siglag, 85 AD3d at 873-874; Matter of Brooklyn Resources Recovery, 309 AD2d 931, 932 [2003]), and the court may not look to extrinsic evidence to determine the parties’ intent (see Rodriguez v Saal, 51 AD3d 449, 450 [2008]; see also Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Moreover, a release executed incident to a court-approved settlement of an infant’s claim against a particular defendant may bar subsequent claims against joint tortfeasors not named in the settlement if, as here, the release expressly so provides (see Koufakis v Siglag, 85 AD3d 872 [2011]; Krichmar v Krichmar, 42 NY2d 858, 860 [1977]).
Here, Middlesworth established his prima facie entitlement to judgment as a matter of law by demonstrating that he was an “agent” of OLOM and, thus, a “Releasee” under the terms of the Release. In opposition, the infant plaintiff failed to raise a triable issue of fact. The infant plaintiffs attorneys’ apparent misunderstanding of the terms of the Release is an insufficient basis to avoid the consequences of the Release (see Koufakis v Siglag, 85 AD3d 872 [2011]; Matter of Brooklyn Resources Recovery, 309 AD2d at 932; Chaudhry v Garvale, 262 AD2d 518, 519 [1999]). Accordingly, the Supreme Court, upon renewal, should have granted Middlesworth’s motion for summary judgment dismissing the complaint insofar as asserted against him (see Koufakis v Siglag, 85 AD3d 872 [2011]; see also Dragotta v Southampton Hosp., 39 AD3d 697 [2007]).
The parties’ remaining contentions either are not properly before this Court or need not be reached in light of our determination.
Dickerson, J.P, Leventhal, Hall and Miller, JJ., concur.