◼ KELLY SICURANZA, Appellant, v PHILIP HOWARD APARTMENTS TENANTS CORP. et al., Respondents. [995 NYS2d 156]—

In an action, inter alia, to recover damages for sexual harassment and negligent hiring and supervision, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated March 13, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants asserting causes of action alleging sexual harassment, battery, negligent hiring, and negligent supervision. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint on the ground that the action is barred by a release executed by the plaintiff as a part of a separation agreement that she entered into with her former employer, the nonparty Cooper Square Realty, Inc. (hereinafter Cooper). The Supreme Court concluded that the release barred this action and granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [2006]). A release is "governed by principles of contract law" (*Mangini v McClurg*, 24 NY2d 556, 562 [1969]; *see Burnside 711 LLC v Amerada Hess Corp.*, 109 AD3d 860, 861 [2013]), and one "that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Alvarez v Amicucci*, 82 AD3d 687, 688 [2011]; *see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d at 276; *Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998]).

The plain language of a release is controlling, "regardless of one party's claim that he [or she] intended something else" (*Matter of Brooklyn Resources Recovery*, 309 AD2d 931, 932 [2003]; *see Chaudhry v Garvale*, 262 AD2d 518, 519 [1999]). Where the scope of the release is unambiguous, "the court may not look to extrinsic evidence to determine the parties' intent" (*Koufakis v Siglag*, 85 AD3d 872, 873 [2011]; *see Fiakpoey v Middlesworth*, 118 AD3d 743, 745 [2014]; *Rodriguez v Saal*, 51 AD3d 449, 450 [2008]). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *see Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC*, 106 AD3d 955, 956 [2013]).

Here, the plain language of the subject release unambiguously bars all claims that the plaintiff had against her former employer, Cooper, as well as any claims that she had against any entity for which Cooper served as an agent. Since the defendants established, as a matter of law, that they fell within the definition of "Company Releasees" as that term was defined in the subject release, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint (*see Fiakpoey v Middlesworth*, 118 AD3d at 745;

*Koufakis v Siglag*, 85 AD3d 872, 873-874 [2011]; *Rodriguez v Saal*, 51 AD3d at 450). Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.