Hoffmann v Horn (2018 NY Slip Op 00414)





Hoffmann v Horn


2018 NY Slip Op 00414


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-02124
 (Index No. 7131/15)

[*1]Gila Hoffmann, appellant, 
v
Corinne E. Horn, etc., et al., respondents.


Palmieri Castiglione & Nightingale, P.C., Mineola, NY (Joseph R. Bongiorno of counsel), for appellant.
Carroll McNulty & Kull LLC, New York, NY (Frank J. Wenick and Rita S. Menchel of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated January 11, 2016, which granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint is denied.
In 2013, the plaintiff underwent a rhinoplasty and surgery for a deviated septum at nonparty Beth Israel Medical Center (hereinafter the Medical Center). The procedures were performed by the defendants Corinne E. Horn and Scott D. Gold (hereinafter together the defendant doctors), who were allegedly employed by the defendant New York Otolaryngology Group. After the procedures, the plaintiff contacted the Medical Center and informed it that she suffered a loss of a crown and two cracked teeth due to the negligence of the anesthesiologist. The plaintiff was unrepresented, and accepted a settlement in the sum of $4,000 from the Medical Center. As part of the settlement, the plaintiff executed a general release in favor of the Medical Center, which stated, in pertinent part:
"[The plaintiff] releases and discharges BETH ISRAEL MEDICAL CENTER, its agents, servants and employees
. . .
"THIS RELEASE and settlement constitutes complete payment for all damages and injuries and is specifically intended to release the RELEASEE and also is specifically intended to release, whether presently known or unknown, all other tortfeasors liable or claimed to be liable jointly with the RELEASEE; and, whether presently known or unknown, all other potential or possible tortfeasors liable or claimed to be liable jointly with the RELEASEE."
The plaintiff subsequently commenced this action to recover damages for medical malpractice and lack of informed consent, alleging that the defendant doctors failed to give her [*2]proper information before performing the procedures, and that the procedures left her with a disfigured nose and sleep problems. The defendants moved to dismiss the complaint, claiming that the general release was broad enough to include them. The plaintiff opposed the motion, arguing that the release was only intended to release the Medical Center, and that it specifically releases only joint tortfeasors. The plaintiff contended that the defendant doctors were not joint tortfeasors with the Medical Center, but rather separate tortfeasors liable for their malpractice independent of the Medical Center. The Supreme Court granted the motion, and the plaintiff appeals.
Pursuant to General Obligations Law § 15-108(a), "[w]hen a release . . . is given to one of two or more persons liable or claimed to be liable in tort for the same injury, . . . it does not discharge any of the other tortfeasors from liability for the injury . . . unless its terms expressly so provide" (emphasis added). A release which is clear and unambiguous will be fully enforced according to the plain language of the release, regardless of one party's claim that he or she intended something else (see Sicuranza v Philip Howard Apts. Tenants Corp., 121 AD3d 966; Matter of Brooklyn Resources Recovery, 309 AD2d 931, 932; Chaudhry v Garvale, 262 AD2d 518, 519). If the language of the release is unequivocal, a court may not look to extrinsic evidence to determine the parties' intent (see Rivera v Wyckoff Hgts. Med. Ctr., 113 AD3d 667; Rodriguez v Saal, 51 AD3d 449, 450; Rubycz-Boyar v Mondragon, 15 AD3d 811, 812; Electronic Bankcard Sys. v Shiner, 305 AD2d 366, 368; see also Greenfield v Philles Records, 98 NY2d 562, 569). A valid general release without any limiting language will apply not only to known claims, but also unknown claims between the parties that may have existed prior to the release (see Kulkarni v Arredondo & Co., LLC, 151 AD3d 705; Rivera v Wyckoff Hgts. Med. Ctr., 113 AD3d at 670-671). A signed release shifts the burden to the plaintiff to demonstrate that there was fraud, duress or some other fact sufficient to void the release (see Kulkarni v Arredondo & Co., LLC, 151 AD3d at 706).
Here, the release is unambiguously limited to tortfeasors jointly liable with the Medical Center. "At common law the joint and several liability imposed on joint tort-feasors was indivisible, and any one of the joint tort-feasors was liable to the injured party for the entire damage" (Musco v Conte, 22 AD2d 121, 123; see Melodee Lane Lingerie Co. v American Dist. Tel. Co., 18 NY2d 57). A hospital is not vicariously liable for the malpractice of independently retained doctors who are not employees of the hospital or are not held out as agents of the hospital (see Hill v St. Clare's Hosp., 67 NY2d 72; Gattling v Sisters of Charity Med. Ctr., 150 AD3d 701). Here, the defendants do not contend that the defendant doctors were employees of the Medical Center, or that they held themselves out as agents of the Medical Center. As such, there would be no basis for joint liability with the Medical Center. Further, the injuries claimed in this action are different from those claimed against and settled with the Medical Center. The lost crown and broken teeth caused by the anesthesiologist, an employee of the Medical Center, are completely distinct from the damages claimed in this action. Accordingly, the release of the Medical Center did not discharge the defendants in this case because they were not joint tortfeasors.
The cases relied upon by the defendants are distinguishable either because the released party and the defendant were actually joint tortfeasors, or because the release did not contain any limiting language (see Fiakpoey v Middlesworth, 118 AD3d 743; Rivera v Wyckoff Hgts. Med. Ctr., 113 AD3d 667; Koufakis v Siglag, 85 AD3d 872; Rodriguez v Saal, 51 AD3d 449; Rubycz-Boyer v Mondragon, 15 AD3d 811).
Accordingly, the Supreme Court erred in granting the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court