Matter of Travelers Home & Mar. Ins. Co. v Fiumara (2018 NY Slip Op 05681)





Matter of Travelers Home & Mar. Ins. Co. v Fiumara


2018 NY Slip Op 05681


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-01490
 (Index No. 58135/15)

[*1]In the Matter of Travelers Home & Marine Insurance Company, respondent, 
v
Nicole Fiumara, appellant.


Law Offices of Gerry E. Feinberg, P.C., White Plains, NY, for appellant.
Aloy O. Ibuzor, New York, NY (Andre Del Re of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, Nicole Fiumara appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated February 2, 2016. The order granted the petition to permanently stay arbitration.
ORDERED that the order is affirmed, with costs.
The appellant was a passenger in a vehicle insured by the petitioner, Travelers Home & Marine Insurance Company, when the vehicle was involved in an accident with a vehicle insured by Allstate Insurance Company (hereinafter Allstate). The appellant commenced a personal injury action against the drivers and owners of both vehicles. Subsequently, the appellant settled that action for the limits of Allstate's policy. In consideration of same, the appellant executed a general release, which included the petitioner as a releasee, among others, and provided that the appellant was releasing and discharging the petitioner "from all causes of actions, . . . agreements, . . . claims, demands whatsoever, in law, equity and/or admiralty," which the appellant had, "ever had or may have in the future, by reason of any matter, cause or thing whatsoever from the beginning of time to the date [t]hereof."
The appellant subsequently served a demand for arbitration of a supplementary underinsured motorist (hereinafter SUM) benefits claim on the petitioner. The petitioner then commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration on the ground that the SUM claim was barred by the general release. The appellant opposed the petition, arguing that she was not barred from pursuing the claim against the petitioner because her SUM claim did not exist at the time that the general release was given. The Supreme Court rejected the appellant's argument and granted the petition.
"A release is a contract, and its construction is governed by contract law" (Schiller v Guthrie, 102 AD3d 852, 853 [internal quotation marks omitted]; see Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 962). A valid general release will apply not only to known claims, but "may encompass unknown claims, . . . if the parties so intend and the agreement is fairly and knowingly made'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276, quoting Mangini v McClurg, 24 NY2d 556, 566-567; see A.A. Truck Renting Corp. [*2]v Navistar, Inc., 81 AD3d 674, 675; Matter of Brooklyn Resources Recovery, 309 AD2d 931, 932). "Where a release is unambiguous, the intent of the parties must be ascertained from the plain language of the agreement" (Schiller v Guthrie, 102 AD3d at 853-854 [internal quotation marks omitted]; see Sicuranza v Philip Howard Apts. Tenants Corp., 121 AD3d 966, 967-968; Alvarez v Amicucci, 82 AD3d 687, 688). Here, the general release, in clear and unambiguous terms, releases all claims and future claims the appellant had or may have against the petitioner by reason of the subject accident. The plain language of the release thus precludes the appellant's SUM claim against the petitioner.
Accordingly, we agree with the Supreme Court's determination to grant the petition to permanently stay arbitration of the SUM claim.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court