Sharon v 398 Bond St., LLC (2019 NY Slip Op 01440)





Sharon v 398 Bond St., LLC


2019 NY Slip Op 01440


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-09312
 (Index No. 21434/13)

[*1]Idan Sharon, etc., respondent-appellant, 
v
398 Bond Street, LLC, et al., defendants, Design Tech Constr. Corp., et al., appellants-respondents, John H. Hatheway, Jr., respondent.


London Fischer LLP, New York, NY (Brain A. Kalman of counsel), for appellants-respondents.
John Z. Marangos, Staten Island, NY, for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Design Tech Constr. Corp. and John Palanca appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated January 11, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendants Design Tech Constr. Corp. and John Palanca which was for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as cross-appealed from, denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the complaint insofar as asserted against the defendants Design Tech Constr. Corp. and John Palanca.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Design Tech Constr. Corp. and John Palanca which was for summary judgment dismissing the complaint insofar as asserted against the defendant John Palanca, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable by the plaintiff to the defendants Design Tech Constr. Corp. and John Palanca.
On July 20, 2010, the plaintiff and the defendant 398 Bond Street, LLC (hereinafter 398 Bond), entered into a contract whereby 398 Bond agreed to sell, and the plaintiff agreed to purchase, real property located in Brooklyn (hereinafter the premises). The defendant Design Tech Constr. Corp. (hereinafter Design Tech), whose principal was the defendant John Palanca, had been retained by the managing member of 398 Bond to, among other things, install a roof at the premises. The closing on the premises took place in January 2011. In March 2012, the plaintiff's attorney sent a letter to Palanca, among others, requesting that Design Tech repair recurring water infiltration at the premises. Design Tech agreed to install a new roof in exchange for the plaintiff's execution of a release. On August 14, 2012, the plaintiff executed the release in favor of Design Tech. However, the new roof was never constructed.
In December 2013, the plaintiff commenced this action against Design Tech and Palanca, among others, to recover damages, inter alia, for breach of contract. Design Tech and [*2]Palanca moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was barred by the release. Additionally, Design Tech and Palanca argued that Palanca did not perform any of the alleged acts in his individual capacity, and, therefore, the plaintiff's claims against Palanca should be dismissed. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability on the complaint insofar as asserted against Design Tech and Palanca. In the order appealed from, as relevant to this appeal, the Supreme Court denied the aforementioned branches of the motion of Design Tech and Palanca, and the plaintiff's cross motion.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Sicuranza v Philip Howard Apts. Tenants Corp., 121 AD3d 966, 967; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276). A release that "is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms" (Alvarez v Amicucci, 82 AD3d 687, 688; see Miller v Brunner, 164 AD3d 1228, 1231). "Where the release is unambiguous, a court may not look to extrinsic evidence to determine the parties' intent" (Burgos v New York Presbyt. Hosp., 155 AD3d 598, 600; see Koufakis v Siglag, 85 AD3d 872, 873). "[A] signed release shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (Davis v Rochdale Vil., Inc., 109 AD3d 867, 867 [internal quotation marks omitted]; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276).
Here, Design Tech and Palanca established their prima facie entitlement to judgment as a matter of law by submitting the release, which, by its clear and unambiguous terms, barred this action insofar as asserted against Design Tech (see Matter of Travelers Home & Mar. Ins. Co. v Fiumara, 164 AD3d 592, 593; Outdoors Clothing Corp. v Schneider, 153 AD3d 717, 718-719). In opposition, however, the plaintiff raised a triable issue of fact as to whether there was fraud in the inducement of the release (see Powell v Adler, 128 AD3d 1039, 1041; cf. Leeds, Morelli & Brown, P.C. v Hernandez, 55 AD3d 794, 795). In light of the existence of triable issues of fact regarding the enforceability of the release, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the complaint insofar as asserted against Design Tech (see generally Zuckerman v City of New York, 49 NY2d 557, 562).
Although we agree with the Supreme Court's determination denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the complaint insofar as asserted against Palanca, the court should have granted that branch of the motion of Design Tech and Palanca which was for summary judgment dismissing the complaint insofar as asserted against Palanca. In support of their motion, Design Tech and Palanca submitted evidence, including Palanca's affidavit, which demonstrated that the acts and omissions attributed to Palanca were committed in his capacity as a principal of Design Tech, not in his individual capacity (see Walkovszky v Carlton, 18 NY2d 414, 417; Solow v New N. Brokerage Facilities, 255 AD2d 198, 198; cf. Atlas El. Corp. v United El. Group, Inc., 77 AD3d 859, 862). In opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions are without merit.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court