Sandomirsky v Velasquez (2020 NY Slip Op 00056)





Sandomirsky v Velasquez


2020 NY Slip Op 00056


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10780 30018/18E

[*1] Mikhail Sandomirsky, Plaintiff-Respondent,
v
Blanca I. Velasquez, Defendant-Appellant, Financial Services Vehicle Trust also known as Financial SVS Vehicle Trust, Defendant.


O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains (Montgomery L. Effinger of counsel), for appellant.
Kulik Law Firm, P.C., New York (Kenneth G. Esehak of counsel), for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered January 7, 2019, which denied defendant Blanca I. Velasquez's motion to dismiss the complaint as against her, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
A plain reading of the release between plaintiff and Velasquez's insurer, nonparty GEICO General Insurance Company (GEICO), unambiguously reveals that plaintiff released and discharged defendant Velasquez from any claims arising out of the October 16, 2017 motor vehicle accident. The release identifies plaintiff Sandomirsky as releasor. It also clearly refers to "In Re: Geico Insured: Blanca Velasquez" in the handwritten note at the top of the release, under which plaintiff's counsel wrote his initials, and signed his name. Further, the settlement check (which plaintiff negotiated) has the same claim number that was used in the release, which is the same claim number specified in paragraph 3 of the complaint as Velasquez's "active claim number" with GEICO, and states that it is payment for full and final settlement of all claims for the October 16, 2017 accident. Finally, it is evident from the letter sent by plaintiff's counsel to GEICO only days after the release was signed, in which he refers to plaintiff as the claimant and Velasquez as the insured and purports to rescind the settlement, that plaintiff and his counsel understood that the release settled the claims against defendant.
Accordingly, plaintiff's complaint against Velasquez for injuries sustained in the accident should have been dismissed
pursuant to CPLR 3211(a)(5) (see generally Bernard v Sayegh, 104 AD3d 600 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK