Aretakis v Sheehan
2026 NY Slip Op 03773
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

John Aretakis, respondent,
v
Johnnie Sheehan, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-09935, (Index No. 740/22)
Betsy Barros, J.P.
Cheryl E. Chambers
Lillian Wan
Susan Quirk, JJ.

Rawle & Henderson, LLP, New York, NY (Marissa Bosek of counsel), for appellants.
John Aretakis, Brooklyn, NY, respondent pro se.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated August 15, 2024. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff is the landlord of certain real property, and the defendants are his former tenants. In October 2022, the plaintiff commenced an action (hereinafter the October 2022 action) against the defendants, among others, asserting property- and lease-related claims based on allegations that the defendants caused damage to the premises and left debris when they vacated it. In November 2022, the plaintiff commenced this action to recover damages for personal injuries, alleging that he fell and sustained injuries to his hand, wrist, arm, and leg while cleaning the debris left by the defendants. On November 30, 2023, the plaintiff executed a general release that provides, among other things, that he releases the defendants from all causes of action "arising out of any injury sustained or alleged, or which could have been alleged in connection with any claim" in the October 2022 action. A stipulation of discontinuance with prejudice was subsequently filed in the October 2022 action.
In February 2024, the defendants moved for summary judgment dismissing the complaint in this action on the ground that the general release executed by the plaintiff bars this action. In an order dated August 15, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Grove Realty Enters., Inc. v Budde Agency, Inc., 232 AD3d 708, 710 [internal quotation marks omitted]). "A release which is clear and unambiguous will be fully enforced, and the court may not look to extrinsic evidence to determine the parties' intent" (Koufakis v Siglag, 85 AD3d 872, 873 [citations omitted]). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release 'shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will [*2]be sufficient to void the release'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276, quoting Fleming v Ponziani, 24 NY2d 105, 111).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting the general release, which expressly lists the defendants as releasees and discharges "[a]ny and all claims . . . for any cause of action arising out of any injury sustained or alleged, or which could have been alleged in connection with any claim in [the October 2022 action]." Because the personal injury causes of action in this action arise from the same hazardous property conditions alleged in the October 2022 action, and thus "could have been alleged" in that action, the general release operates as a bar to this action (see id. at 277).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether there had been fraud, duress, or some other fact which would be sufficient to void the general release or render it inapplicable to this action (see Sjogren v Board of Trustees of Dutchess Community Coll., 216 AD3d 836, 838). Contrary to the plaintiff's contentions, the language of the general release he executed was clear and unambiguous, and the plaintiff's subjective intent regarding the terms of the general release is insufficient to avoid the consequences of the release (see Koufakis v Siglag, 85 AD3d at 873).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
The plaintiff's remaining contentions are without merit.
BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court