Gayle v Jerusalem Ave, Inc.
2026 NY Slip Op 03947
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Caroline Gayle, appellant,
v
Jerusalem Ave, Inc., et al., respondents, et al., defendant (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-12897, (Index No. 700665/22)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Brian S. Gitnik and Danielle L. Hofer of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated November 13, 2024. The order, insofar as appealed from, granted the motion of the defendants Jerusalem Ave, Inc., and 880 Jerusalem Realty, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2021, the plaintiff allegedly sustained personal injuries when she was struck by a reversing vehicle operated by Kaminski J. Daley, while she was walking in a gas station parking lot, which was owned, operated, and controlled by Jerusalem Ave, Inc., and 880 Jerusalem Realty, LLC (hereinafter together the Jerusalem defendants), and GP Petroleum, Inc. The plaintiff commenced an action against Daley. Then, the plaintiff commenced this action against the defendants alleging that she was personally injured in the accident due to their failure to adequately and/or properly illuminate the parking lot. The plaintiff settled the action against Daley for the sum of $25,000 in exchange for a release. The plaintiff executed and tendered to Daley and his insurance carrier a general release that did not expressly name the defendants as released parties. Thereafter, the Jerusalem defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, contending that the release was broad enough to include them as released parties and the claims against them. In an order dated November 13, 2024, the Supreme Court granted the Jerusalem defendants' motion. The plaintiff appeals.
"'A party may move for judgment dismissing one or more causes of action asserted against [the party] on the ground that . . . the cause of action may not be maintained because of . . . [a] release'" (Benjamin v Kahen, 241 AD3d 482, 483, quoting CPLR 3211[a][5]). "In resolving a motion dismiss pursuant to CPLR 3211(a)(5), the plaintiff's allegations are to be treated as true and all inferences that reasonably flow therefrom are to be resolved in his or her favor" (Benjamin v Kahen, 241 AD3d at 483-484 [alteration and internal quotation marks omitted]; see Trepeta v Mobiquity Tech., Inc., 241 AD3d 967, 970). "'Although a defendant has the initial burden of [*2]establishing that it has been released from any claims, a signed release shifts the burden of going forward . . . to the plaintiff to show that there has been fraud, duress or some other fact which will be sufficient to void the release'" (Trepeta v Mobiquity Tech., Inc., 241 AD3d at 969 [alteration and internal quotation marks omitted], quoting Wei Qiang Huang v Llerena-Salazar, 222 AD3d 1033, 1034; see Applewhite v 112 Liberty Assoc., LLC, 233 AD3d 834, 835).
Pursuant to General Obligations Law § 15-108(a), "[w]hen a release . . . is given to one of two or more persons liable or claimed to be liable in tort for the same injury . . . it does not discharge any of the other tortfeasors from liability for the injury . . . unless its terms expressly so provide." However, "[t]he statute does not require that every discharged party be specifically named or identified" (Fiakpoey v Middlesworth, 118 AD3d 743, 745; see Wells v Shearson Lehman/American Express, 72 NY2d 11, 21-22). "Where a release has been given but the releasor reserves the right to proceed against other wrongdoers, . . . effect should be given to the intention of the parties as expressed by these reservations and allow the suit against any defendant not a party to the release" (Plath v Justus, 28 NY2d 16, 22).
"A release which is clear and unambiguous will be fully enforced according to the plain language of the release, regardless of one party's claim that he or she intended something else" (Hoffmann v Horn, 157 AD3d 871, 873; see Koufakis v Siglag, 85 AD3d 872, 873-874). "If the language of the release is unequivocal, a court may not look to extrinsic evidence to determine the parties' intent" (Hoffmann v Horn, 157 AD3d at 873; see Fiakpoey v Middlesworth, 118 AD3d at 745).
Here, in support of their motion, the Jerusalem defendants submitted the executed release. The release clearly and unambiguously applied to claims against Daley, his insurer, "their heirs, executors, administrators, successors, agents, servants, employees and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, from any and all claims for loss, damages, costs, contribution, indemnification, or any other thing whatsoever . . . arising out of [the] accident" (emphasis added). Moreover, the release provided that it extended to "all claims of any kind which the Claimant had or may have had against the parties released hereby, and that any party released hereby can raise this Release Agreement as a complete defense to any claim or suit by or on behalf of the Claimant." The release, by its own terms, extended to all other corporations, including the Jerusalem defendants, and to all claims of any kind, including the plaintiff's claims against the Jerusalem defendants (see Wells v Shearson Lehman/American Express, 72 NY2d at 21-23; Tamayo v Ford Motor Titling Trust, 284 AD2d 529, 529-530).
Furthermore, the release failed to carve out or provide for the continuation of the plaintiff's claims against the Jerusalem defendants (see Plath v Justus, 28 NY2d at 22). In considering the release as a whole, it is apparent that the plaintiff intended to release her claims against any other party liable for the same damages as Daley, regardless of the plaintiff's claim that she intended to only release Daley, his insurer, and those related to them (see id.; Hoffmann v Horn, 157 AD3d at 873). Thus, the Jerusalem defendants met their initial burden of establishing that this action was barred by the release (see Trepeta v Mobiquity Tech., Inc., 241 AD3d at 970; Benjamin v Kahen, 241 AD3d at 484).
In opposition, the plaintiff, who was represented by counsel, failed to show or even allege that there was fraud, duress, or some other circumstance that would be sufficient to void the release (see Trepeta v Mobiquity Tech., Inc., 241 AD3d at 969; Applewhite v 112 Liberty Assoc., LLC, 233 AD3d at 835).
Accordingly, the Supreme Court properly granted the Jerusalem defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court